Filed 12/6/23  Moreno v. Unisource Solutions CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| GONZALO MORENO, | B327516 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV13190) |
| v. | |
| UNISOURCE SOLUTIONS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Reversed in part, dismissed in part, and remanded with directions.

Bibiyan Law Group, David D. Bibiyan, Jeffrey D. Klein, and Anita Lodi for Plaintiff and Appellant.

Jackson Lewis, Leonora M. Schloss, Andrea F. Oxman, Dylan B. Carp, and Martin P. Vigodnier for Defendant and Respondent.

———————————

On April 20, 2022, plaintiff Gonzalo Moreno sued defendant Unisource Solutions, Inc. under the Private Attorneys' General Act of 2004 (PAGA) for alleged Labor Code violations. Plaintiff's complaint alleged one cause of action for civil penalties under PAGA, comprised of individual and non-individual components.[1] Defendant moved to compel arbitration of plaintiff's individual claims and to dismiss his non-individual claims, relying on the holding in *Viking River Cruises*, *supra*, 142 S.Ct. at pages 1923-1925. On January 30, 2023, the trial court granted defendant's motion, and plaintiff appealed.

On November 2, 2023, the parties filed a stipulation for partial reversal and partial dismissal of plaintiff's appeal. The parties agree plaintiff's non-individual PAGA claims should not have been dismissed because "an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1114 (*Adolph*).) The parties further agree plaintiff's individual PAGA claims were properly ordered to arbitration.

Accordingly, the parties request this court reverse that portion of the trial court's order dismissing plaintiff's non-

---

[1] In *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___, 142 S.Ct. 1906, 1916 (*Viking River Cruises*), the United States Supreme Court held that all PAGA actions are "representative" in that the plaintiff either is a representative of the State or of other employees. In this opinion, we use the term "non-individual claims" to mean those claims involving Labor Code violations against employees other than plaintiff and "individual claims" to mean those involving plaintiff.

individual PAGA claims.  The parties further request plaintiff's appeal be otherwise dismissed and each party to bear their own costs on appeal.  In support of their stipulation, the parties agree the requirements of Code of Civil Procedure section 128 have been met.

Code of Civil Procedure section 128, subdivision (a) grants every court "the power to do all of the following:  [¶] . . .  [¶] (8) To amend and control its process and orders so as to make them conform to law and justice.  An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following:

"(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.

"(B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).)  Courts must fully consider and weigh these factors on a case-by-case basis before reversing or vacating a judgment by stipulation.  (*Hardisty v. Hinton & Alfert* (2004) 124 Cal.App.4th 999, 1005.)

We have reviewed the stipulation.  Given the California Supreme Court's holding in *Adolph*, the reversal of that portion of the judgment that dismisses plaintiff's non-individual PAGA claims is likely.  "[T]he presence of reversible error is pertinent to the first two [Code of Civil Procedure] section 128[, subdivision] (a)(8) factors.  For example, [section] 128[, subdivision] (a)(8)(A) refers to the interests of the public being adversely affected by

the stipulated reversal.  If there is reversible error, prompt resolution of the appeal without the considerable expense to the parties of briefing and taxpayer incurred costs of the internal decisionmaking process within the court certainly serves the public interest.  Also, section 128, subdivision (a)(8)(B) requires an appellate court to conclude that the reasons for the reversal outweigh the erosion of public trust that may result from the nullification of a judgment before accepting a stipulated reversal. If there is reversible error present, whatever public trust is eroded when a judgment is reversed, the purported erosion of our citizens' faith in the courts is materially mitigated when the reversal would have occurred in any event and the parties agree to accept the inevitable." (*Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324, 1330-1331 (*Union Bank*).)

In addition to the factors discussed in *Union Bank*, the stipulated reversal will have no effect on the incentive for pretrial settlement in this or other litigation.  Under these circumstances, we find the parties' stipulation meets the requirements of Code of Civil Procedure section 128, subdivision (a)(8).

## *DISPOSITION*

That part of the January 30, 2023 order dismissing plaintiff's non-individual PAGA claims is reversed.  The trial court shall issue a new and different order (1) denying the motion to dismiss the non-individual claims and (2) staying proceedings on the non-individual claims pending the arbitration of the individual claims.  Plaintiff's appeal from that part of the January 30, 2023 order compelling arbitration of her individual PAGA claims is dismissed.  The parties to bear their own costs on appeal.

4

RUBIN, P. J.

WE CONCUR:


MOOR, J.


KIM, J.